## Case No. 1,941a.

### BROOKMAN v. SIXTY BARRELS OF MOLASSES.

[N. Y. Times, June 5, 1862.]

District Court, D. Connecticut. 1862.

ADMIRALTY — PRACTICE — EXCEPTIONS TO COMMISSIONER'S REPORT — LIS PENDENS.

[In a suit in rem for freight and demurrage, after a decision in favor of libelants, the objection that the item of freight had been found due libelants in a pending suit in personam cannot be raised by way of exception to the commissioner's report.]

[In admiralty. Libel by Henry D. Brookman and others against sixty barrels of molasses, etc., for freight and demurrage. Exceptions to commissioner's report overruled, and decree given for libelants.]

Benedict, Bunn & Benedict, for libelants.
Heath & Beebe, for claimants.

Before Judge SHIPMAN.

This case came up on exceptions to the commissioner's report. The suit was brought to recover an alleged balance of freight and demurrage on a charter party. The court decided in favor of the libelants for both freight and demurrage, and referred it to a commissioner to ascertain the amount. To his report the claimants excepted, claiming, first, that the commissioner had reported too large a balance of freight money due. The evidence before him was the same as that which was laid before the court. The second exception was as to the amount of demurrage. The voyage was from New-York

to New Orleans and back. The charter provided that the charterer should be "allowed for the loading and discharging of said vessel thirty-three running days for loading at New York and for discharging at New Orleans in all dispatch on discharge of cargo in New York." The vessel was ready to discharge in New-York on Nov. 22, but was not discharged until Dec. 5, and the evidence showed that three days was a reasonable time for the discharge. The third exception was that the commissioner should have found no freight due in this action because he had found the same due in another suit brought by the same libelants against the respondent in personam.

HELD BY THE COURT: That to sustain the first exception would be to reverse the decision of the court finding the issue in favor of the libelants and ordering a reference. The court held that something was due, and the commissioner was bound to accept this fact as determined by the court, and, as the proofs were left before him, he could come to no other conclusion as to the amount than that set forth in his report. That as to the demurrage, on the wording of the charter party, the charterer was bound to discharge the cargo in New-York within a reaso_ble time. That there is no delay shown on the part of the ship, and that the charterer was bound for all delay beyond a reasonable time. That the rainy day claimed by the respondents as an excuse for one day's delay is not shown to have been one of the three days, and therefore cannot avail them. That the third exception must have been disposed of by the court on the original hearing. The other suit referred to was heard before him at the same time, and the objection of lis pendens should have been made then, and doubtless was. If not made then, it is too late now.

Exceptions overruled, and decree in favor of the libelants for the amount reported due.